IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

STATE OF DELAWARE, INC.        :
Division of Child Support      :
Enforcement,                   :
                               :
          Plaintiff,           :
                               :
     v.                        :  Civ. No. 06-233-JJF
                               :
ERIC MICHAEL WHITTLE,          :
a/k/a Michah-El Ali,           :
                               :
          Defendant.           :

### MEMORANDUM ORDER

Eric M. Whittle, a/k/a Micah-El Ali, removed this case from the Delaware state court on April 10, 2006. (D.I. 2.) He appears pro se and on April 24, 2006, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4.)

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Whittle removed this matter from the Delaware Family Court. The civil cover sheet prepared by Whittle indicates that diversity of citizenship is the basis for jurisdiction. (D.I. 2, Ex.) The civil cover sheet also states the case is filed under 28 U.S.C. § 1441 and 1446, "Notice of Removal", and describes the case as "diversity, violation of due process of law." Attached as an exhibit is a "Civil Notice - Support Arrears" for a hearing before the State of Delaware Family Court, New Caste County, on a petition for child support in arrears. (D.I. 2, Ex.) The notice was issued March 28, 2006, and sets the hearing for April 12, 2006.

Attached to the notice is a Declaration of Nationality and Constitutional Protections of Rights and Immunities as well as a civil complaint form entitled "IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE". Whittle alleges that the State of Delaware denied him due process of law and discriminated against him on the basis of national origin. He alleges the discriminatory acts as follows: "diversity, denial of due process, denial of inalienable rights, color of authority abuse, violation of oath of office." (D.I. 2, para. 9.) Whittle asks that all actions "cease and desist, a hearing in an Article III Court - Constitutionally Delegated Authority, removal of hearing from the State's Jurisdiction." Id. at para. 11.

Other than the notice of the April 10, 2006 hearing, the Court was not provided with any process, pleadings or orders in the child support arrears case.

## II. REMOVAL

Plaintiff filed his Notice of Removal pursuant to 28 U.S.C. § 1441 and § 1446. In order for a case to be removable to the district court, it must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Kline v. Security Guards, Inc., 386 F.3d 246, 252 (3d Cir. 2004) (quoting Caterpillar Inc. v. Williams, 482

U.S. 386, 392 (1987)).  If Whittle's case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate.  Id. (citations omitted).

The civil cover sheet indicates that the basis of jurisdiction is diversity.  The parties, however, are not diverse.  Whittle gives an address in Delaware and the other named party, the State of Delaware, is obviously located in Delaware.  Additionally, Whittle attempts unsuccessfully to turn a state child support issue into a federal question.  See Commonwealth of Pennsylvania ex rel. Gittman v. Gittman, 451 F.2d 155 (3d. Cir. 1971) (removal of child support action from state court alleging that state procedures denied constitutional rights failed to make out a case under § 1441 since on the face of the complaint there was not a substantial federal question in the matrimonial controversy).  Finally, Plaintiff failed to comply with the requisites for removal.  He did not provide for the Court's review any copies of process, pleadings, or orders from the state civil proceeding.  See 28 U.S.C. § 1446(a).  Nor does it appear that he gave the State of Delaware notice of the removal.

Based upon the foregoing, it is clear from the face of the Notice of Removal and the exhibits provided by Plaintiff that removal cannot be permitted.  Therefore, the case is summarily

3

remanded to the state courts of Delaware.

**III. CONCLUSION**

NOW THEREFORE, at Wilmington this _13_ day of June, 2006, IT IS HEREBY ORDERED that the case is summarily remanded to the state courts of Delaware.

_____
UNITED STATES DISTRICT JUDGE

4